PARKER *v.* GEORGIA CHEMICAL WORKS *et al.*

No. 7876.    October 20, 1930.    Rehearing denied November 14, 1930.

*Paul T. Chance,* for plaintiff.   *J. S. Powell,* for defendants.

GILBERT, J.   On May 20, 1926, Mrs. Mary Parker executed to Mrs. Ivan Parker a deed conveying land to secure a debt.   The deed was attested by only one witness.   It was filed for record and recorded on August 7, 1926.   On February 9, 1928, the grantor in that deed became indebted to Georgia Chemical Works for the purchase of personal property, executing a promissory note as evidence of such debt, and at the October term, 1929, of the city court of Screven County such note was sued to judgment.   The execution issued thereon was levied, January 6, 1930, on the property described in the security deed.   The grantee in that deed subsequently filed a petition in equity, setting up, in addition to the foregoing facts, that a second witness actually saw the execution of the deed, and, by a mistake of such witness, he did not actually affix his signature as an attesting witness to the deed; that the grantee, thinking said deed had been signed by all of said parties and duly and properly executed (and the other parties so thinking), caused the same to be delivered to the clerk of the superior court for record.   He prayed that said deed be reformed; that the witness who had omitted to sign the same be decreed to have been an unofficial attesting witness, as in truth he was intended to be; that said contract be specifically performed; that by its decree the court establish the right, title, and interest of petitioner under the security deed, in accordance with the true intention of the parties at the time the same was executed; that petitioner have judgment for her debt, and that the same be decreed to be a first lien on said property; for injunction restraining the sale of the land by the sheriff under levy of the execution; and for general relief.

The court did not err in dismissing the petition on general demurrer.       *Judgment affirmed.   All the Justices concur.*